May it please the Court, I am Thomas M. Smith, representing Bruce Barany in this appeal to the Ninth Circuit. If the Court permits, I would like to reserve two minutes of the ten minutes for rebuttal. As we've seen in the briefing, this case is about the legal limits of the ATF's power to deny a private individual's property interest in a federal firearms dealer license. The ATF denied Mr. Barany's license based upon the alleged misconduct of the General Store, a corporation which Barany is an officer. The District Court upheld this decision, and we've contended it's clearly that this is error. Mr. Barany seeks to have a license for himself personally. Importantly, he does not seek a new license for the General Store. By making himself personally responsible... He plans to operate this license out of the General Store, correct? That's correct. He plans to just step right in there and operate his business selling guns under the license right there in the General Store. That's correct. Right? That's correct. Why isn't he just acting on behalf of the General Store? I think you're correct. He could have because the statute of limitations of five years allows the General Store to reapply. I think the policy of the ATF has been to automatically deny anyone an application, a license if it's ever been revoked before, a policy which I think is improper because the statute of limitations does not permit the BATF to deny a license simply because something occurred. Why isn't he just standing in for the General Store? He is not standing in for the General Store. He is standing in for himself individually. The BATF improperly denied the license under Section C of 923D1. 923 Section C does not permit the ATF to deny a license based upon the willful violations of a corporation which was a former license holder. Now clearly in Section B of the statute, the legislature created the circumstance that where a corporation is applying for a license, the acts of a corporate officer are relevant to that determination. It's consistent law that a corporation is responsible for the acts of its agents. He was a corporate officer of the General Store at the time the General Store's license was revoked, correct? Yeah, he was the treasurer for a period of time and then later became president. And he was also the responsible party under the license for the General Store, correct? And I think that court needs to understand that the term was used. Wasn't he a responsible party under the license? Yes, but I'd like to answer that question. To be designated a responsible person does not mean that you are personally responsible for the acts of a corporation. That is simply a designation by an agent to say when you go to the corporation, who do we talk to? The corporation has to have a person designated by the ATF to represent the corporation with reference to those license issues. It does not make him personally responsible for the acts of a corporation. That's contrary to the statute. So I respectfully submit to the court that the legislature created the difference between Section B and Section C. And in Section B, it clearly says logically that the acts of a corporate officer are relevant to an application by a corporation to obtain a license. Section C does not say that. In fact, Section C does not permit the ATF to deny a license to an individual based upon the willful acts of a former corporate licensee. I'm sorry. What do you say it denies that? I'm sorry. If you look at subsection C of the statute, and I'm not here to quote it, Your Honor, I'm sorry, I don't have a copy of it in front of me, but I respectfully submit it's in our briefing where it simply states... I'm sorry. What did you say we're going to do here today? I'm sorry. What did you say we're going to do here today? Well, we're going to... Subgeneral principles? You've got a statute. You're relying on a statute. You said the statute prohibits this. I would like you to quote me language that you rely on in the statute that does it. Statutes don't just do things. They have language that say things. You'll find in subsection C nothing in that section that says the ATF can deny a license to an individual based upon the acts of a corporation. It doesn't say that. No, but I thought you said that it prohibited it. Well, I stand corrected in the sense prohibited is perhaps the wrong term to use, Your Honor, and I apologize for that argument. I respectfully submit... Okay. So then you don't have an argument. I said do, Your Honor, because the BATF denied the license based upon alleged willful violations under subsection C. They cited subsection C in their denial as the basis, and that's not permitted under the law. Why is it not permitted? It's because subsection C does... The ability of the ATF to deny a license is strictly regulated by the statute, and so they're a power to deny a license. If it's not in the statute, the code says they shall grant the license. You haven't answered my question. Why is it prohibited? You've got a corporation that violated its license. Sorry, what, sir? You've got a corporation that violated in terms of its license. That's correct. Okay. Corporations don't act on their own. You don't really have... Correct. They're not a legal person in the sense of living and breathing. That's correct. If they violate things, it's done by the people who run them. Your client was one of the guys who ran a corporation. Why is that entirely plausible for the ATF to say when the corporation commits a violation, those responsible for it are people like its president, its treasurer, its other responsible officers, and so when the corporation commits a violation, it is they who committed the violation. This is corporate law one. And then I query to the court, how far do you... I ask the questions, and I just asked you a question, and you haven't given me an answer. So did you hear the question? I don't mean to argue with you, Your Honor. Did you hear the question? Yes. Answer the question. The question is, Your Honor... No, I know what the question is. What I'd like is an answer. The answer is that if you look at subsection C of the statute, which is the only authority that the ATF has to deny a license... I'm looking at subsection C, and what is in the subsection C that's helping you? I'm sorry to say, Your Honor... You came to court without the law? You came to court to argue a case without having the law that you're relying on in front of you? Your Honor... Would you like to borrow my copy? Your opposing counsel will hand you his. Thank you. Subsection C of 1823 D1, subsection D states, the applicant has not willfully violated any of the provisions of this chapter of regulations. I'm sorry. 1823 what? 18923. 18 U.S.C., section 923. Subsection D, subsection 1, subsection capital letter C. Okay. I'm looking at that. That's the language. The applicant has not willfully violated any of the provisions of this chapter or regulations issued thereunder. Right. That's the language. That's right. Okay. Okay. Did you remember my question? And, Mr. Durden... Do you remember my question? Yes. Okay. Answer my question in light of this language. You said you're relying on this language. The question was, let me remind you, is if, because these corporations can't act on their own, if the corporation commits a violation, why isn't it appropriate to attribute that violation to its officers, including your client? There is no evidence in this record that Mr. Barany personally willfully violated any provisions of this chapter. The corporation did it on its own? It was sort of a rural corporation? Okay. Who else was an officer? His brother. Uh-huh. Okay. Maybe his sister. It might be the secretary treasurer. I see. So it must have been one of these people, either of the siblings, one of the three siblings. In what context, Your Honor? That committed those violations. Not correct. They did not individually commit those violations. Because what you're doing is you're saying that the acts of another employee, who's an agent of the corporation, who violates the act, is now becomes the officer's stain for the rest of his life, because another person under the employee committed the violation, and because they work for the company, and he's an officer of the company, he becomes responsible for that act. Law does not say that. I guess we'll see, won't we? You may be mistaken on that score. I mean, this is a family corporation. All right. They're trying to run the business out of the same location with the same people. I think it would be irresponsible for the ATF to grant them a license. And so now let's take that logical extension of that position, and let's say that the clerk behind the counter who made the violation failed to make the entry into the acquisition and disposition record, and that clerk failed to make the entry. Is that clerk now going to be stained because they were the person that committed the willful act?  Neither would the janitor. Well, I was talking about officers of the corporation. The way we run the law around here is the people who are officers of the corporation are responsible for what the corporation does. And I respectfully submit to the Court, Your Honor, that that proposition is taking the rules of agency and responding at superior and taking and turning them up on their head and reversing it. Clearly, you're saying that simply because by virtue of the court. Your time is up. Thank you. Thank you, Your Honor. Thank you. I appreciate the exchange. Okay. You must be Mr. Tankvold. Good morning, Your Honor. Rolf Tank on behalf of the United States. Anything you heard this morning here that you don't think was adequately responding to your brief? No, Your Honor. If the Court doesn't have any other questions, I'll be happy to answer any questions. Thank you. Cases argued. We'll stand a minute. We'll next hear argument in Lessor v. J.C. Penney.
judges: Collins, Kozinski, Paez